Form ioech13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

In Re: Gregory E Bingham and Shenell Y Bingham
       Debtor

Case No.: 03–44675

Chapter: 13

**INITIAL ORDER**
**FOR EXPEDITIOUS AND ECONOMICAL PROSECUTION OF CHAPTER 13 CASE**

Bankruptcy Code § 105(a) and (d) authorize the Court to issue such orders as may be appropriate for the expeditious and economical prosecution of a bankruptcy case. The Court finds that the following orders are necessary in chapter 13 cases for that purpose.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF THIS CASE WITH LIMITED OR NO ADDITIONAL NOTICE AND POSSIBLY WITH PREJUDICE**

<u>Summary</u> – This order requires the following:

First, Debtor(s) **must** file their bankruptcy schedules, statement of financial affairs, and chapter 13 plan within fifteen days or obtain an extension within that time.

Second, Debtor(s) **must** make the first chapter 13 plan payment within 45 days and must keep payments current after that.

Third, Debtor(s) **must** file tax returns promptly.

Finally, the chapter 13 trustee **must** give notice of objections to plan confirmation and Debtor(s) **must** either resolve the objection or respond and request a hearing within 20 days.

The Court may modify the procedures and provisions of this order in appropriate cases. Exceptions will be allowed only in truly compelling circumstances, and generally <u>only</u> on motion filed and properly noticed to all parties in interest <u>prior to the deadlines.</u>

<u>Specifics:</u>

1. Rule 1007 of the Federal Rules of Bankruptcy Procedure ("FRBP") in combination with FRBP 3015 require that (unless a motion for extension of time is filed) bankruptcy schedules, statement of financial affairs, and a chapter 13 plan must be filed with the bankruptcy petition or within 15 days after the petition was filed.
    a. The Debtor(s) are ordered to comply with these requirements of the FRBP.
    b. If Debtor(s) have not filed a motion for extension of the deadline and have not filed the schedules, statement of affairs, and plan within 15 days after the filing of the bankruptcy petition, the chapter 13 trustee shall <u>immediately</u> file a motion to dismiss the case with prejudice for failure to comply with this order of the court.

2. Bankruptcy Code § 1326 requires Debtor(s) to begin making chapter 13 plan payments to the chapter 13 trustee within 30 days after the chapter 13 plan is filed. The statute also requires Debtor(s) to make all subsequent payments timely as required by the chapter 13 plan.
    a. The Debtor(s) are ordered to comply with these requirements of the Bankruptcy Code.
    b. If Debtor(s) request a wage withholding order within 15 days after filing the bankruptcy case (or within a reasonable time after making the first plan payment), the Court will consider that act as *prima facie* compliance with the requirement to make plan payments timely.
    c. If no wage withholding order is timely requested, and if the Debtor(s) do not make these payments timely, the chapter 13 trustee shall file a motion to dismiss the case:
        i. If the Debtor(s) do not make the first plan payment timely, the chapter 13 trustee shall file the motion not later than fifty days after the case was filed.
        ii. If the Debtor(s) become delinquent on any subsequent plan payment, the chapter 13 trustee shall file the motion not later than 15 days after a payment becomes delinquent. The motion shall specify the dates and amounts of the delinquency.

    d. The case will be **dismissed 20 days after the motion is filed, without further notice and hearing,** unless prior to issuance of the dismissal order :
        i. The Debtor(s) file a response to the motion, requesting a hearing and

            (1) Stating that the Trustee is in error, or
            (2) Certifying that the Debtor(s) have brought all payments current prior to filing the response or that Debtor(s) have filed a motion to modify the plan.
    e. The dismissal for failure to make payments timely will usually be without prejudice, but the Court may consider all facts and circumstances to determine whether to dismiss with prejudice and/or other sanctions.
    f. Only in exceptional cases will Debtor(s) be allowed to cure more than one default in any 12 month period.

3. Debtors have a duty under the Internal Revenue Code and applicable state law to file tax returns timely. One of the most frequent problems (resulting in delays, additional expense, and waste of judicial resources) in chapter 13 bankruptcy cases is the failure to file tax returns timely. Therefore:
    a. **Debtor(s) are ordered to file delinquent tax returns as soon as possible, but not later than 60 days after the case was filed.**
        i. Returns or forms filed pursuant to this subparagraph shall be filed at the location specified by the appropriate government entity. Contemporaneously with filing, Debtor(s) shall provide copies of federal tax returns to the Internal Revenue Service Special Procedures office at the following address (or such other address as Debtor(s) and the IRS might agree):

| For cases filed in Houston: | For all other cases: |
|---|---|
| Internal Revenue Service | |
| Special Procedures Branch | Internal Revenue Service |
| Insolvency Section I | Special Procedures Branch |
| 1919 Smith St., Mail Stop 5024 HOU | 300 E. 8th St., Mail Stop 5026 AUS |
| Houston, TX 77002 | Austin, TX 78701 |

        ii. Debtor(s) shall attach a copy of the bankruptcy petition to the copies of the tax forms filed pursuant to this subparagraph.
    b. **Debtor(s) are ordered to file timely all tax returns that become due after this case was filed and Debtor(s) are ordered to pay all postpetition taxes as they come due.**
    c. This order applies to all tax returns and forms that the Debtor is required to file, including, without limitation, IRS forms 1040, W4, and 1040ES, as well as all state tax returns.
    d. **The Debtor shall provide the chapter 13 trustee with copies of all IRS forms 1040 that are filed during the pendency of this bankruptcy case.** The tax returns shall be supplied concurrently to the trustee and to the IRS.
    e. On motion of any party in interest or *sua sponte* the Court may dismiss this case for failure to comply with this order. The Court may consider all facts and circumstances to determine whether to dismiss with prejudice and/or other sanctions.

4. Within 15 days after the conclusion of the § 341 meeting (and any continued meetings), if the chapter 13 trustee has any objections to plan confirmation, the trustee shall file the objection and a motion to dismiss the case. Within 20 days after the filing and service of such notice, Debtor(s) shall either (i) resolve the Trustee's objection, or (ii) file a response to the trustee's objection.
    a. If Debtor(s) file a response to the Trustee's objection, the Court will consider and determine the objection and response at the hearing on confirmation of the Debtor(s)' chapter 13 plan.
    b. **If Debtor(s) have not resolved the trustee's objection or filed a response within 20 days after the trustee's objection, this case may be dismissed at the confirmation hearing.** The Court may consider all facts and circumstances to determine whether to dismiss with prejudice and/or other sanctions.

5. In case of any motion to dismiss filed by the Trustee, the trustee shall include the language required by Bankruptcy Local Rule (BLR) 9013, stating that the case may be dismissed without further notice or hearing if no response is filed or if no hearing is requested in compliance with Rule 9013. The Motion shall be served on the Debtor, Debtors' counsel, and all parties in interest.

6. Dismissal of this case under the provisions of this order may be with prejudice to the extent mandated by Bankruptcy Code § 109, or may otherwise be with prejudice as determined in the discretion of the Bankruptcy Judge.

7. If the Court concludes that the Debtor(s) compliance or partial compliance with the provisions of this order does not constitute a good faith, best efforts attempt to fulfill the spirit as well as the letter of the order, the Court may dismiss the case for failure to appear before the Court in proper prosecution of the case or for willful failure to obey an order of the Court.

8. This order is a case management order intended to implement efficiently and economically various provisions of the Bankruptcy Code, the FRBP, and the BLR. It does not relieve any party of any obligation under the statute or rules and does not preclude the imposition of other penalties or sanctions.

This order is effective in each case when entered on the docket by the Clerk.

_____
WILLIAM R GREENDYKE
United States Bankruptcy Judge

_____
KAREN K BROWN
United States Bankruptcy Judge

_____
LETICIA Z CLARK
United States Bankruptcy Judge

_____
RICHARD S SCHMIDT
United States Bankruptcy Judge

_____
MANUEL D LEAL
United States Bankruptcy Judge

_____
WESLEY W STEEN
United States Bankruptcy Judge

**The clerk shall give notice of this order to:**

Debtor(s) (by mail).

Debtor(s)' counsel (by mail or fax).