**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: **Gregory E. Bingham** | CASE NO | **03-44675-H1-13** |
| **Shenell Y. Bingham** | CHAPTER | **13** |
| *Debtor(s)* | | |

*AMENDED 1/15/2004*
## CHAPTER 13 PLAN SUMMARY

---

**BUDGET INFORMATION**

| | |
|---|---:|
| Total Monthly Income | **$2,587.33** |
| Expenses | **$2,327.33** |
| Difference | **$260.00** |

**ANALYSIS OF PLAN:** Debtor shall make the following payments to Trustee:

**A.** Monthly Payment (if variable, attach payment schedule) — **Variable\***
**B.** Duration: **59 months**   Date Payments Start: **11/15/2003**
**C.** Gross Amount from Debtor (for plan duration) — **$14,860.00**
**D.** Trustee's Comp. and Expense Fund (10% of "C.") — **$1,486.00**
**E.** Net Available to Creditors — **$13,374.00**

**F. SECURED CLAIMS:** Debtor's payments will be distributed **pro rata** among all secured claims on a monthly basis, unless otherwise provided for cause as specified below:

| Creditor/Remarks | Total Claim | Collateral Value/Secured Claim | Int. Rate | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---:|---:|---:|:---:|:---:|---:|
| Conn's | $445.52 | $355.00 | 6.25% | Pro-Rata | 10-56 | $420.35 |
| Triad Financial Corp. | $17,063.90 | $8,925.00 | 6.25% | Pro-Rata | 10-56 | $10,566.67 |

**F(1).**                                                                   Total Secured Claims:  **$10,987.02**

**F(2). LIEN RELEASE:** Upon a secured creditor, other than a creditor paid directly pursuant to this plan as allowed by 11 U.S.C. Sec. 1322(b)(2) and (b)(5), receiving from the Chapter 13 Trustee all payments specified in paragraph F herein, that creditor's secured claim is satisfied in full, and that creditor shall release the lien(s) to the debtor, ☑ upon that creditor receiving the full amount specified in Paragraph F herein, except to the extent the Internal Revenue Code, including 26 U.S.C. Sec. 6325(a) or the Bankruptcy Code, including 11 U.S.C. Sec. 522(c)(2)(B), operate to provide otherwise, or ☐ upon the debtor receiving a Chapter 13 discharge.

**G. PRIORITY CLAIMS:** Debtor's payments will be distributed **pro rata** among all priority unsecured claims on a monthly basis subsequent to Trustee's distribution on secured claims, unless otherwise provided for cause as specified below. Distribution of professional fees shall be pursuant to General Order 1998-4 entered by the U.S. Bankruptcy Court for the Southern District of Texas for fee applications in Chapter 13 cases.

| Creditor/Remarks | Type of Priority | Priority Amount | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Total |
|---|---|---:|:---:|:---:|---:|
| Christopher Morrison | Attorney Fees | $1,675.00 | Pro-Rata | 1-10 | $1,675.00 |

**G(1).**                                                                   Total Priority Claims:  **$1,675.00**

**G(2).** All tax returns and tax reports due through the petition date are filed: ☑ YES   ☐ NO.   Debtor shall file all tax returns as they become due and pay all governmental unit taxes arising post petition as they become due.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: **Gregory E. Bingham** | CASE NO | **03-44675-H1-13** |
| **Shenell Y. Bingham** | | |
| *Debtor(s)* | CHAPTER | **13** |

*AMENDED 1/15/2004*
## CHAPTER 13 PLAN SUMMARY
*Continuation Sheet # 1*

---

**H. GENERAL UNSECURED CLAIMS SEPARATELY CLASSIFIED:**
The following unsecured claims shall be treated differently and paid by the Trustee as specified below:

| Creditor/ Remarks | Nature of Debt (Criminal Restitution, Etc.) | 1st/Last Pymt (Anticipated) | Monthly Pymt (Anticipated) |
|---|---|---|---|
| *(None)* | | | |

**H(1).** Total unsecured claims separately treated, if any: **$0.00**
**I.** Amount available for general unsecured claims (Line E)- (Lines F(1) + G(1) + H(1)) **$711.98**
**J.** Anticipated total general unsecured claims (excluding separately treated claims) **$24,885.07**
**K.** Anticipated minimum percentage payment for other general unsecured claims (excluding separately treated claims) **3%**
**L.** The timely filed allowed general unsecured claims will be paid on a pro rata basis after the above listed creditors are paid (Lines F, G, H). Any untimely filed general unsecured allowed claims which are not objected to and disallowed under 11 U.S.C. Sec. 502(b) will be subordinated and paid only in the event all other timely filed allowed claims are paid in full. Any general unsecured claims which are not filed shall not receive distribution from the Trustee.

**M.** The following claims shall be paid by Debtor directly to the creditor pursuant to this plan.

| Creditor | Nature of Debt | Type of Claim (Secured, Priority, Unsecured) |
|---|---|---|
| *(None)* | | |

**N.** The following secured claims and liens are provided for by the Debtor surrendering the collateral pursuant to 11 U.S.C. Sec. 1325(a)(5)(C).
(Include any setoff of tax refunds, deposits or funds and any creditor's exercise of reclamation rights).

| Creditor | Type of Lien | Collateral |
|---|---|---|
| Aldine ISD | Taxes | House at 15609 Aiken Ln |
| Greengriar Colony | HOA dues | House at 15609 Aiken Ln |
| Household Mortgage Services | Mortgage | House at 15609 Aiken Ln |
| Household Mortgage Services | Arrearage claim | House at 15609 Aiken Ln |
| Paul Bettencourt-Harris County Taxes | Taxes | House at 15609 Aiken Ln |

**O.** The following liens are affected by the plan.

| Creditor | Collateral | Treatment of Lien |
|---|---|---|
| Conn's | A/C, Washer | Pay inside plan |
| Triad Financial Corp. | 2000 Dodge Status | Pay inside plan |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: **Gregory E. Bingham** | CASE NO **03-44675-H1-13** |
| **Shenell Y. Bingham** | |
| *Debtor(s)* | CHAPTER **13** |

***AMENDED 1/15/2004***
## CHAPTER 13 PLAN SUMMARY
*Continuation Sheet # 2*

---

**P. INSURANCE:** If required under a security instrument, or an assumed executory contract or lease, debtor shall maintain insurance on all collateral retained under this plan at least to the extent of the amount to be paid to the creditor pursuant to this plan, and if the collateral is a principal residence which constitutes a creditor's sole security, then the insurance maintained shall be pursuant to and in compliance with the mortgage and deed of trust.

**Q. HOMESTEAD:**  ☐ None  ☐ Retain  ☑ Abandon;    Has Arrearage: ☑ Yes  ☐ No;
Additional Security Held by Creditor:  ☐ Yes  ☑ No;
Post-Confirmation Interest:  ☐ Yes  ☑ No;
_____ Interest paid on arrearages (0% for mortgages entered into after October 22, 1994, if no mortgage provision for interest on arrearage cure).

Debtor shall pay post-petition monthly installments on the homestead directly to   **Household Mortgage Services**   ☐ Yes  ☑ No.

**R.** The following **UNEXPIRED LEASES or EXECUTORY CONTRACTS** are assumed, rejected or assigned pursuant to 11 U.S.C. Secs. 1322(a)(7) and 365.

| Creditor | Property Description | Election: (Assume, Reject, Assign) | In Default (Y or N) |
|---|---|---|---|
| None | | | |

Payments on assumed leases or executory contracts which become due post confirmation shall be paid by debtor directly to the creditor. Allowed claims on rejected leases or executory contracts will be paid on a pro rata basis with other allowed general unsecured claims specified in paragraph L herein.

**S.** If the Trustee receives any federal or state tax refund or tax credit which the Debtor may become entitled to during the term of the plan, the Trustee shall first apply such refunds toward delinquent plan payments, and second
☑ forward such refund to the debtor, or
☐ apply such refunds toward the future plan payments which become due.

**T.** The unsecured creditors shall receive through the Plan not less than the amount that would be received through Chapter 7 liquidation in this Case: ☑ Yes  ☐ No.

| | |
|---|---|
| Total Schedules A and B (Assets) | **$119,157.00** |
| Total Liens or Encumbrances | **$115,236.46** |
| Total Schedule C Exempted Property | **$20,693.84** |
| Total Non-Exempted Property | **$0.00** |

**U.** All property of Debtor's Estate shall vest in Debtor:
☐ upon Debtor's Plan being confirmed;
☑ upon Debtor receiving a discharge under 11 U.S.C. Sec. 1328 or Debtor's Case being dismissed.

**V.** The duration of plan payments exceeding 36 months confers a legal benefit on Debtor:
☑ Yes  ☐ No  ☐ Not Applicable

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Gregory E. Bingham**                                                                    CASE NO   **03-44675-H1-13**
              **Shenell Y. Bingham**
                        *Debtor(s)*                                                                                    CHAPTER   **13**

*AMENDED 1/15/2004*
**CHAPTER 13 PLAN SUMMARY**
*Continuation Sheet # 3*

---

    I (we) declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed by Debtor(s) for confirmation with respect to treatment of all creditors and the distribution by the Chapter 13 Trustee.


**/s/ Christopher Morrison**                                                              **/s/ Gregory E. Bingham**
**Christopher Morrison**                                                                    **Gregory E. Bingham**
*Attorney for Debtor(s)*

                                                                                                              **/s/ Shenell Y. Bingham**
**Date**                                                                                              **Shenell Y. Bingham**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| IN RE: | **Gregory E. Bingham** | | CASE NO | **03-44675-H1-13** |
|---|---|---|---|---|
| | **Shenell Y. Bingham** | | | |
| | *Debtor(s)* | | CHAPTER | **13** |

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month | Payment | Month | Payment | Month | Payment |
|---|---|---|---|---|---|
| 1 | $100.00 | 21 | $260.00 | 41 | $260.00 |
| 2 | $100.00 | 22 | $260.00 | 42 | $260.00 |
| 3 | $100.00 | 23 | $260.00 | 43 | $260.00 |
| 4 | $260.00 | 24 | $260.00 | 44 | $260.00 |
| 5 | $260.00 | 25 | $260.00 | 45 | $260.00 |
| 6 | $260.00 | 26 | $260.00 | 46 | $260.00 |
| 7 | $260.00 | 27 | $260.00 | 47 | $260.00 |
| 8 | $260.00 | 28 | $260.00 | 48 | $260.00 |
| 9 | $260.00 | 29 | $260.00 | 49 | $260.00 |
| 10 | $260.00 | 30 | $260.00 | 50 | $260.00 |
| 11 | $260.00 | 31 | $260.00 | 51 | $260.00 |
| 12 | $260.00 | 32 | $260.00 | 52 | $260.00 |
| 13 | $260.00 | 33 | $260.00 | 53 | $260.00 |
| 14 | $260.00 | 34 | $260.00 | 54 | $260.00 |
| 15 | $260.00 | 35 | $260.00 | 55 | $260.00 |
| 16 | $260.00 | 36 | $260.00 | 56 | $260.00 |
| 17 | $260.00 | 37 | $260.00 | 57 | $260.00 |
| 18 | $260.00 | 38 | $260.00 | 58 | $260.00 |
| 19 | $260.00 | 39 | $260.00 | 59 | $260.00 |
| 20 | $260.00 | 40 | $260.00 | 60 | |