IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

CHAPTER 13 BANKRUPTCY

GREGORY E BINGHAM
SHENELL Y BINGHAM

CASE NO: 03-44675-H1-13

DEBTOR(S)

### ORDER CONFIRMING CHAPTER 13 PLAN

Came on for confirmation hearing, the Debtor's Chapter 13 Plan, and the Chapter 13 Trustee having represented to this Court that Trustee served on all parties-in-interest a true and correct copy of the Plan or Chapter 13 Plan Summary and a "Notice of Confirmation Hearing" which included notice of the hearing date and time together with specific notice of the substance of the matters to be considered at the confirmation hearing and no party-in-interest having filed an objection to confirmation or all filed objections having been withdrawn or satisfied, and Trustee having recommended that the Plan be confirmed in "Trustee's Report of Section 341 Meeting of Creditors and Recommendation on Plan Confirmation", it is therefore:

ORDERED that Debtor's 1st Amended Chapter 13 Plan Filed on ___January 15, 2004___ is confirmed; it is

FURTHER ORDERED that Debtor shall make all payments pursuant to the confirmed plan as set forth in the "Chapter 13 Plan Summary"; it is

FURTHER ORDERED that Debtor shall comply with all terms and conditions of the "Chapter 13 Plan Summary" as well as making timely Plan payments.

FURTHER ORDERED that the Chapter 13 Trustee, Daniel E. O'Connell shall make distributions only pursuant to and as specified in the Confirmed Plan, which is set forth in the "Chapter 13 Plan Summary", unless further ordered after notice and hearing by this Court. Trustee shall distribute funds to Debtor's Attorney pursuant to the plan, upon entry and in the unpaid amount of an order(s) allowing fees, not to exceed the amount provided in the plan; it is

FURTHER ORDERED that if a proof of claim is filed or an administrative claim is allowed different from any specified distribution in the Chapter 13 Plan Summary, and distribution would not adversely affect any party-in-interest, then upon written request to the Chapter 13 Trustee by Debtor or Debtor's attorney, the Trustee may disburse funds on such proof of claim or administrative claim without further notice and hearing or order of this Court; it is

FURTHER ORDERED that Debtor is enjoined from incurring any debts post-confirmation without either prior written consent from the Chapter 13 Trustee or an Order of this Court after notice and hearing; it is

FURTHER ORDERED THAT Debtor shall inform the Chapter 13 Trustee of any inheritance, change in income or any other event, which materially changes the financial position of Debtor; it is

FURTHER ORDERED that all property of Debtor's Estate shall re-vest in Debtor upon the date specified in the confirmed "Chapter 13 Plan Summary". If no date is specified, all property of Debtor's Estate shall re-vest in Debtor upon Debtor receiving a discharge under 11 U.S.C. Sec. 1328 or Debtor's Case being dismissed; it is

FURTHER ORDERED that in the event this case is converted or dismissed after confirmation, the Chapter 13 Trustee shall disburse all undistributed plan payments received prior to conversion or dismissal to the creditors pursuant to the Plan; it is

FURTHER ORDERED that all directives to the debtor(s) contained herein constitute "Orders of the Court" within the meaning of 11 U.S.C. Sec. 109(g)(1).

SIGNED ___Jan. 20___, 2004

UNITED STATES BANKRUPTCY JUDGE

DEOC/GB/DOC GEN/DOC ORDER CONFIRMING