IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| IN RE:<br>GREGORY E BINGHAM<br>SHENELL Y BINGHAM | CHAPTER 13 BANKRUPTCY<br>CASE NO: 03-44675-H1-13 |
|---|---|

TRUSTEE'S REPORT OF SECTION 341 MEETING OF CREDITORS AND RECOMMENDATION ON PLAN CONFIRMATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The meeting of creditors in the above referenced Chapter 13 Case was noticed and concluded on 12/04/2003, pursuant to 11 U.S.C. 341(a) and Federal Rules of Bankruptcy Procedure 2003. The debtor appeared and submitted to the examination of the Trustee, and has complied with the "Chapter 13 Plan Confirmation Requirements" established by the Trustee for determining substantive compliance with Sections 1322 and 1325. Based on the Debtor's testimony, statements of all counsel and other parties-in-interest, and the Trustee's review of the "Chapter 13 Plan Summary" submitted by Debtor and other documents filed in this case, it is the Chapter 13 Trustee's opinion that:

(1.) Debtor has complied with the "Trustee's Plan Confirmation Procedure" established to promote due process notice in the confirmation process. All notice required by Fifth Amendment Due Process and applicable the rules and statues has been served;

(2.) The Plan complies with the provisions of Chapter 13 and all other Provisions of Title 11 of the United States Code;

(3.) All applicable filing fees have been paid in full, or are currently being paid pursuant to a Signed Order to Pay Filing Fees in Installments;

(4.) Debtor appears to have filed this Case in good faith, and appears to have proposed the plan in good faith and not by any means forbidden by law;

(5.) The Plan's designated classification of claims, if any, complies with 11 U.S.C. 1322(a)(3) and 1322(b)(1);

(6.) The Plan complies with the provisions of 11 U.S.C. 1322 and 1325, as pled by Debtor and Debtor's Attorney in the "Chapter 13 Plan Summary" required by the Trustee. Specifically the Plan:

   (a) Provides for payments to the general unsecured creditors in compliance with the "best interest of creditors" test, 11 U.S.C. 1325(a)(4);

   (b) Complies with the "net disposable income" test, 11 U.S.C. 1325(b)(1)(B), or provides that each holder of an allowed unsecured claim is provided for in the Plan to receive value on account of such claim that is not less than the amount of such allowed claim, 11 U.S.C. 1325(b)(1)(A);

   (c) Provides for each allowed secured claim pursuant to 11 U.S.C. 1325(a)(5);

   (d) Provides for any agreed payout or for full payment, in deferred cash payments of all allowed unsecured claims entitled to priority pursuant to 11 U.S.C. 507, as required by 11 U.S.C.1322 (a)(2);

(e) Provides for the curing of all arrearages on claims secured only by a security interest in real property that is the Debtor's principal residence, in compliance with 11 U.S.C. 1322(b)(2) and (5).

(7.) The Plan appears feasible as required by 11 U.S.C. 1325(a)(6) and 1322(a)(1).

(8.) The Debtor should be enjoined from incurring any post-confirmation debts without the prior permission of the Trustee, or as otherwise provided by Order of this Court on motion after notice and hearing.

(9.) Trustee recommends that on the request of Debtor and facts of this Case that the property of the Debtor's Estate be re-vested as specified in the confirmed Chapter 13 Plan Summary and if not specified then the property of Debtor's Estate shall be re-vested in the Debtor upon the Debtor being granted a discharge or Debtor's case being dismissed.

(10.) Trustee's opinion is that this proposed repayment term is appropriate in this Case pursuant to 11 U.S.C. 1322(d).

THEREFORE, pursuant to 11 U.S.C. 1302(a)(2)(B) the Chapter 13 Trustee recommends to this Court that the Debtor's Plan be confirmed.

RESPECTFULLY SUBMITTED

/s/DANIEL E. O'CONNELL
DANIEL E. O'CONNELL
CHAPTER 13 TRUSTEE

DEOC/GB/DOC GEN/TRUSTEE REPORT/Jan. 22, 04